UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOSCO CREDIT, LLC,

Plaintiff,

v.

WILTON C. SHORT, et al.,

Defendants.

Case No.  25-cv-05489-RFL

**ORDER TO SHOW CAUSE RE:
SUBJECT MATTER JURISDICTION**

Re: Dkt. No. 1

Defendant Wilton Short, who is representing himself, removed this action from the Superior Court of California for the County of Contra Costa.  (Dkt. No. 1.)  Short asserts that federal question jurisdiction exists under 28 U.S.C. § 1331, based on his now-dismissed federal case (Case No. 24-cv-07908-RFL).  (*Id.* ¶ 2.)  He also asserts that removal is proper under 28 U.S.C. § 1443 because the eviction that is the subject of the lawsuit is "being used to deprive Defendant of civil rights secured under federal law, including the right to due process and equal protection under the law."  (*Id.*)

Federal courts are courts of limited jurisdiction, meaning that they are permitted only to hear some types of cases.  The court is required to examine, when a case is filed or removed, whether it falls within the federal courts' subject matter jurisdiction.  In this case, it does not appear that jurisdiction exists under 28 U.S.C. § 1331, because the claims do not arise under "the Constitution, laws, or treaties of the United States," and Short's other federal lawsuit in Case No. 24-cv-07908-RFL has been dismissed.  Furthermore, for removal to be proper "[u]nder § 1443(1), a defendant must show that [he] 'is denied or cannot enforce' certain federal civil

1

rights in state courts." *ASAP Copy & Print v. Canon Bus. Sols., Inc.*, 643 F. App'x 650, 652 (9th Cir. 2016) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).  Short has not stated how he was denied or could not enforce his federal civil rights in state court, and therefore it does not appear that Short has made the necessary showing for removal under section 1443(1).[1]  Finally, Short does not assert that there is diversity jurisdiction over the case under 28 U.S.C. § 1332.

Therefore, Short is **ORDERED TO SHOW CAUSE**, by filing a written response by **October 7, 2025**, stating why the case should not be remanded to the Superior Court of California for the County of Contra Costa, because subject matter jurisdiction is lacking.

**IT IS SO ORDERED.**

Dated: September 9, 2025

_____
RITA F. LIN
United States District Judge

---

[1] Removal under § 1443(2) is inapplicable, as it "is only available if the defendant is a state or federal officer or a person assisting such an officer," *ASAP Copy & Print*, 643 F. App'x at 652 (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 824 n. 22 (1966)), and Short does not assert that he is a federal officer or is assisting one.